Filed 9/11/14  P. v. Dubose CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>THOMAS CARLTON DUBOSE,<br><br>        Defendant and Appellant. | B250215<br><br>(Los Angeles County<br>Super. Ct. No. MA057915) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Lisa M. Chung, Judge.  Affirmed.

Al Fadel Amer, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, James William Bilderback, Marc A. Kohm and Alene M. Games, Deputy Attorneys General, for Plaintiff and Respondent.

Appellant Thomas Carlton Dubose was convicted, following a jury trial, of two counts of assault with a deadly weapon in violation of Penal Code section 245, subdivision (a)(1), and one count of hit and run driving in violation of Vehicle Code section 2002, subdivision (a). Appellant was sentenced to three years in state prison. Appellant appeals from the judgment of conviction, contending the prosecutor engaged in misconduct throughout the trial and further contending his trial counsel's failure to properly object to the prosecutorial misconduct constituted ineffective assistance of counsel. The judgment of conviction is affirmed.

### Summary of the Facts

On April 17, 2012, around 5:50 p.m. Porsha Counts ("Counts") was driving on Avenue P in Palmdale, California, while taking her 7 year old daughter Alexis to cheerleading practice. The speed limit on that road was 60 miles per hour. Counts made a change from the number two lane to the number one lane. She noticed appellant driving his truck three to four car lengths behind her, in the number one lane, very quickly approaching her from behind.

Appellant pulled along the left side of Counts' car, driving in a lane designated for oncoming traffic. Appellant's truck veered toward Counts' car and she changed back into the number two lane. Appellant veered toward Counts' car again. Counts, feeling a bump from appellant's truck, sped up and tried to get away from him. Alexis was in the back seat, crying and yelling for her mother to call the police.

Appellant pulled ahead of Counts and slammed on his brakes, forcing her to slam on her brakes. Counts slowed down to get away from appellant, but he slowed his speed to match her speed, and continued to slam on his brakes. Counts attempted to call the police, but she kept getting a busy signal.

Counts was able to take a photograph of appellant's license plate, which photo also showed appellant's hand out the window, exposing his middle finger. At the stoplight, appellant exited his truck, and yelled at Counts, "Bitch, get out of the fucking

2

car." He threatened to break her window. Counts sat in the car crying and shaking. After appellant drove away, Counts was finally able to contact the Sheriff's Department.

Los Angeles Sheriff's Deputy Andrew Campbell arrived at Counts' residence a few hours later. Counts appeared "completely frazzled." Alexis was "shook up" and said that she did not remember much. Counts said that appellant veered into her car several times and hit her in the rear bumper. She provided Deputy Campbell with the photograph she took of appellant, which included the license plate on his truck.

Deputy Campbell "ran" the license plate and went to the address provided by the Department of Motor Vehicles for the registered owner of the truck. Debbie Erickson, who resided there, said the truck belonged to her son. She said he was not home, but she called appellant and let Deputy Campbell speak with him. The first thing appellant said to him was, "Is this about that dumb bitch, from earlier on Avenue P?" Campbell stated that he would not discuss the facts over the telephone and asked appellant to come to the Palmdale Sheriff's Station.

At the station, Deputy Campbell interviewed appellant. He said that he was cut off by a driver and because he was tired, it made him angry. When the woman took his photograph while they were stopped at an intersection, he exited his truck and "calmly" asked her why she took his photograph and why she cut him off. He said he then returned to his truck and drove away. Appellant denied veering his car into Counts' car, slamming on his breaks, making rude gestures, or yelling at the woman. When Deputy Campbell showed him the photograph of his arm out of the window, gesturing with his middle finger, Dubose admitted doing so and further admitted that he may have swerved into the car and may have yelled at Counts. When the deputy asked to see appellant's truck, appellant said he would not allow that and refused to provide Deputy Campbell with the location of the truck.

3

Discussion

1. Prosecutorial misconduct

Appellant contends the prosecutor committed misconduct throughout this matter, beginning with the filing of an amended complaint and continuing through closing arguments.[1] We consider appellant's claims chronologically, and find most claims forfeited.

"To preserve a misconduct claim for review on appeal, a defendant must make a timely objection and ask the trial court to admonish the jury to disregard the prosecutor's improper remarks or conduct, unless an admonition would not have cured the harm. [Citation.]" (*People v. Davis* (2009) 46 Cal.4th 539, 612.)

For those prosecutorial misconduct claims which were not forfeited, we apply well established standards. "A prosecutor's . . . intemperate behavior violates the federal Constitution when it comprises a pattern of conduct "so egregious that infects the trial with such unfairness as to make the conviction a denial of due process."'" (*People v. Gionis* (1995) 9 Cal.4th 1196, 1214.) But even if the conduct does not render a trial fundamentally unfair, the actions may nevertheless be misconduct under state law, if they involve "the use of deceptive or reprehensible methods to attempt to persuade either the court or the jury." (*People v. Price* (1991) 1 Cal.4th 324, 447.)

a. Amended complaint

Appellant was initially charged with misdemeanor assault in April 2012, but in November 2012, the District Attorney's Office re-filed the assault charges as felonies. Appellant contends the prosecutor committed misconduct and decided to punish appellant

---

[1] Appellant does not raise his claims under appropriate headings and does not directly support each contention with pertinent argument and legal authority. Instead, he starts his brief with a lengthy dissertation of the law regarding prosecutorial misconduct, and provides only a terse description of the alleged misconduct. These claims are subject to forfeiture. (*People v. Nguyen* (2013) 212 Cal.App.4th 1311, 1325-1326.)

by elevating the misdemeanor assault charges to felonies because appellant refused a plea deal and insisted on going to trial.

Vindictive prosecution may occur when a prosecutor increases the charges against a defendant who has exercised a constitutional procedural right, such as the right to a trial. (*North Carolina v. Pearce* (1969) 395 U.S. 711.) A presumption of vindictive prosecution is unwarranted in a pretrial setting. (*United States v. Goodwin* (1982) 457 U.S. 368; *People v. Bracey* (1994) 21 Cal.App.4th 1532, 1544 [California "courts have followed the Supreme Court in refusing to apply a presumption of vindictiveness for prosecutorial action before commencement of trial"].) Thus, a defendant must demonstrate vindictiveness. "'Because a claim of discriminatory prosecution generally rests upon evidence completely extraneous to the specific facts of the charged offense, . . . the issue should not be resolved upon evidence submitted at trial, but instead should be raised . . . through a pretrial motion to dismiss.'" (*People v. Edwards* (1991) 54 Cal.3d 787, 827.)

Appellant did not object to the filing of the amended complaint and did not move to dismiss that complaint. He has forfeited this claim. (*People v. Edwards, supra,* 54 Cal.3d at p. 827.)

To the extent that appellant contends we can decide this claim based on the prosecutor's tangential remarks during sentencing, we do not agree. The prosecutor stated the case began as a misdemeanor and "it was only upon learning the details of [appellant's] probationary case that the office reevaluated the case and refiled as a felony." Appellant contends the prosecutor was either mistaken or lying because the probationary case was joined in this case no later than May, 2012 and the amended complaint was not filed until November, 2012. The prosecutor's remark was not intended as an explanation of the filing of the amended complaint, but was offered as part of the prosecutor's argument that appellant should not be granted probation. As appellant acknowledges, the prosecutor could simply have been mistaken about the timing of the filing. Further, there could have been a variety of reasons that the prosecutor did not learn the details of the probationary case until well after that case was joined with this one. We will not speculate to fill the evidentiary gaps left by appellant's failure to object

5

or move to dismiss.

b. Admissibility of appellant's prior road rage incident

Appellant contends the prosecutor resorted to "unethical antics" when she argued to the trial court that evidence of appellant's prior road-rage incident should be admissible if appellant chose to testify. We do not agree.

A prosecutor commits misconduct when she uses "deceptive or reprehensible methods to persuade the trial court or the jury." (See *People v. Thomas* (2012) 54 Cal.4th 908, 937.)

Before trial, the court ruled that appellant's prior road rage incident, which resulted in a misdemeanor conviction, would not be admissible at trial. The court agreed the prosecutor could revisit the issue if appellant elected to testify. The prosecutor did revisit the issue during trial, arguing that the prior misdemeanor conviction was admissible because the underlying conduct involved moral turpitude. The prosecutor indicated that there was case law to support her position but provided no citations to the court then or in the future to back up this assertion. Defense counsel did not disagree with the prosecutor's statement of the law, but argued only that the underlying conduct did not show moral turpitude. Thus, appellant has not shown any misconduct by the prosecutor.

Even if there were misconduct, it could have had no effect on the fairness of the trial. The prosecutor's statements to the court were made outside the presence of the jury and did not persuade the court. The trial court ruled that the prior offense would not be admissible unless appellant testified and "spontaneously says something that would involve his prior conviction on his own."

c. Opening Statement

Appellant claims the prosecutor committed prosecutorial misconduct during her opening statement when she said, ". . . I don't know if [appellant] perceived that he had been cut off or he was upset because someone was now in front of him and he couldn't

6

drive as fast or as unimpeded as perhaps he wanted to, for whatever reason, you are probably going to hear it is a mystery, started to come up on her very quickly. . . ." Appellant argues the prosecutor speculated, misstated the evidence and argued during the statement.

Defense counsel did not timely object to the challenged statements or request an admonition from the trial court. Further, there is no evidence in the record to suggest that an admonition from the trial court would have been futile or that an admonition would not have cured the harm. As a result, the claim has been forfeited for appellate review. (*People v. Davis, supra,* 46 Cal.4th at p. 612.)

Even if the claims were not forfeited, appellant has not shown misconduct. "The function of an opening statement is not only to inform the jury of the expected evidence, but also to prepare the jurors to follow the evidence and more readily discern its materiality, force, and meaning." (*People v. Dennis* (1998) 17 Cal.4th 468, 518.) That is what the prosecutor did. She reasonably drew inferences from the evidence she planned to present to show appellant was angry with the victim, but acknowledged that there were gaps in the evidence. This is not prosecutorial misconduct.

d. Examination of Victims

Appellant argues the prosecutor committed various acts of misconduct during her examination of the victims.

i. Porsha Counts

Appellant contends two sets of questions asked by the prosecutor about the victims' mental state constituted misconduct because they were designed to appeal to the jurors' emotions and to evoke sympathy.

First, appellant challenges a question about Counts' mental state:

> "Prosecutor:  And when you told us earlier that you were anxious and nervous and scared to be here, what if anything, does this incident have to do with those feelings?
>
> Counts:  I mean, Mr. Dubose is here.  He was very scary and intimidating that day, and I felt like he wanted to physically hurt me and my child, and I still feel the same today.  I mean, this is my only encounter with him, was that incident, so that's all I know about Mr. Dubose."

Appellant did not timely object to the testimony in the trial court and did not request an admonition from the trial court.  Appellant belatedly contends the claim was preserved for appellate review because "[d]efense counsel likely realized" a timely objection and requesting an admonition "would have been futile and would not have cured the harm caused."  However, appellant points to nothing in the record which suggests an admonition would have been futile.  Any claim concerning this question is forfeited.  (*People v. Davis, supra*, 46 Cal.4th at p. 612.)

Second, appellant challenges a series of questions about Counts' daughter's mental state.

> "Prosecutor:  And tell us about your concern for your daughter and how.
>
> Counts:  I was very concerned she's scared every time we get in the car now.  She does look for his vehicle.
>
> Defense counsel:  Objection.  Relevance.
>
> Trial court:  Sustained.  It is hearsay as well.
>
> The prosecutor:  Tell us what you have noticed about your daughter as a result of this incident.
>
> Defense counsel:  Objection.  relevance.
>
> Trial court:  Overruled."
>
> "Counts:  She's a little bit more skittish when we get in the vehicle.  You know, she asks certain questions when we're in the vehicle; you know, is that his car?  Is that his truck?  Will he – she was very nervous to come here today because

8

of him. She had a nervous stomach. She was throwing up and had diarrhea. So it had a big physically impact on her. She is very nervous to be in the same room as Mr. Dubose."

Appellant did not request the testimony be stricken after the court sustained his objection to the first question and did not request an admonition. Accordingly, he has forfeited any claim concerning the first question. (*People v. Davis, supra*, 46 Cal.4th at p. 612.)

Assuming no claims were forfeited, and considering the three questions as a whole, there was no prosecutorial misconduct. Counts volunteered the hearsay answer to the first question. Further, the prosecutor rephrased the question after the trial court sustained defense counsel's objection. All the questions inquired into the victims' state of mind and revealed that both Counts and her daughter were nervous and scared during and after the incident, and while testifying at trial. Testimony describing the witness's apprehension about testifying is relevant to their credibility. (*People v. Olguin* (1994) 31 Cal.App.4th 1355, 1368-1369.) Further, the jury is entitled to know "not just the fact that the witness was afraid, but also, within the limits of Evidence Code section 352, those facts which would enable them to evaluate the witness's fears." (*Id*. at p. 1369.) Here, the testimony's potential prejudice did not substantially outweigh its relevance under Evidence Code section 352, and so the testimony was properly admitted. (Evid. Code, § 352.)

Further, even assuming the testimony had some slight tendency to evoke sympathy, the trial court instructed the jurors several times to disregard any bias, sympathy, prejudice, or public opinion when forming its decision. We presume the jury understood and followed the court's instructions. (*People v. Yeoman* (2003) 31 Cal.4th 93, 138-139.) Thus, appellant has not shown prejudice.

ii. Alexis

Appellant argues the prosecutor committed misconduct when she called Alexis as a witness because Alexis' testimony was duplicative of Counts' testimony and the prosecutor only called Alexis as a witness to elicit sympathy from the jurors.[2]

Defense counsel did not timely object to the challenged testimony and did not request an admonition from the trial court. Further, there is no evidence in the record to suggest that an admonition from the trial court would have been futile or that an admonition would not have cured the harm. As a result, the claim has been forfeited for appellate review. (*People v. Davis, supra,* 46 Cal.4th at p. 612.)

Even if the claim were not forfeited, appellant has not shown misconduct. Alexis was both a witness to and a victim of the charged offenses. She did offer substantive testimony relevant to the charges. Appellant has not cited, and we are not aware of, any cases which limit the prosecutor to calling only one percipient witness to a crime, or one victim. Alexis' additional testimony about her emotional state was relevant to assist the jury in determining the weight to give Alexis' testimony and explain her earlier claimed memory loss. (*People v. Olguin, supra,* 31 Cal.App.4th at pp. 1368-1369.)

Further, even if the testimony had some slight tendency to evoke sympathy, the trial court instructed the jurors several times to disregard any bias, sympathy, prejudice, or public opinion when forming its decision. We presume the jury understood and followed the court's instructions. (*People v. Yeoman, supra,* 31 Cal.4th at pp. 138-139.) Thus, appellant has not shown prejudice.

---

[2]   To the extent that appellant also contends that a sidebar requested by the prosecutor during cross-examination of Alexis constituted misconduct, appellant is mistaken. The prosecutor correctly pointed out that defense counsel's question had misstated a portion of Detective Campbell's report concerning statements by Alexis. The prosecutor's request to the court to read a standard jury instruction reminding the jury that questions are not evidence was not misconduct and was denied in any event.

10

iii. Evidence of anxiety disorder

At the preliminary hearing, Counts testified that she had an anxiety disorder. During a pre-trial Evidence Code section 402 hearing, the court excluded use of the term "anxiety disorder" under Evidence Code section 352 because the evidence was not sufficiently probative. The court allowed defense counsel to ask questions about Counts' demeanor, but not questions which would "elicit things such as a mental health diagnosis or going into any kind of treatment regarding an anxiety disorder."

Appellant contends the prosecutor committed misconduct because her direct examination of Counts included questions regarding Counts' state of mind while testifying. The prosecutor's questions complied with the court's pre-trial ruling. There was no misconduct.

To the extent that appellant contends the prosecutor committed misconduct by opposing appellant's request that the trial court reconsider its ruling after the prosecutor's testimony, this claim fails. Appellant has cited no legal authority which would support such an argument. The court made it clear that defense counsel could ask Counts about "her general problem of anxiety" her "temperament and her personality. The prosecutor did not seek or obtain an unfair advantage over the defense on this issue.


iv. Evidence of damage to Counts' vehicle

Appellant contends the prosecution engaged in prosecutorial misconduct when the prosecutor allegedly elicited improper hearsay evidence relating to the cost to fix Counts' bumper. Counts testified that she had received an estimate of $1,000 to repair the bumper.

Defense counsel did not timely object to the challenged testimony nor did counsel request an admonition from the trial court. Further, there is no evidence in the record to suggest that an admonition from the trial court would have been futile or that an admonition would not have cured the harm. As a result, the claim has been forfeited for appellate review. (*People v. Davis, supra,* 46 Cal.4th at p. 612.)

11

Even if this claim were not forfeited, there was no misconduct and no possible prejudice to appellant. The main point of Counts' testimony was that the damage to her car was not a minor scratch. The bumper had been cracked and needed to be replaced. A photo of the damaged bumper was shown to the jury. Although Counts gave a lower estimated repair cost to the probation department a year before trial, appellant has not cited and we are not aware of any authority which would have required the prosecutor to ask the witness further questions to clarify why the estimate at trial was higher than the previous estimate. Defense counsel could easily have raised this matter on cross-examination if he believed it was significant. Presumably defense counsel had no problem with the estimate, since he later stipulated to the $1,000 amount for determining direct victim restitution.

### e. Examination of Deputy Campbell

Appellant challenges three questions the prosecution asked Detective Campbell as improper questions constituting prosecutorial misconduct. Appellant further contends the prosecutor committed misconduct by reading irrelevant portions of the police report.

### i. Question 1

The prosecutor asked the detective: "Is it significant to you that Mr. Dubose is coming up with details that corroborate or seem to corroborate Ms. Counts by himself?" Defense counsel's relevance objection was sustained and the witness did not answer. Counsel did not request the trial court to strike the question or admonish the jury to disregard it, and so has forfeited his claim. (*People v. Davis, supra*, 46 Cal.4th at p. 612.) Even if the claim were not forfeited, there was no prejudice to appellant. The witness did not answer the question and the judge instructed the jury several times nothing the attorneys say is evidence. We presume the jury understood and followed the court's instructions. (*People v. Yeoman, supra,* 31 Cal.4th at pp. 138-139.)

### ii. Question 2

Appellant contends the prosecutor improperly elicited expert opinion testimony without laying a foundation when she asked Campbell: "Based upon the entirety of your investigation, was the damage that you saw to her car consistent with that which was described as happening – had happened?" Campbell replied: "In my opinion, yes."

Defense counsel failed to timely object and did not request the trial court to admonish the jury to disregard the improper question. Further, there is no evidence in the record to suggest that an admonition from the trial court would have been futile or that an admonition would not have cured the harm. As a result, the claim has been forfeited for appellate review. (*People v. Davis, supra,* 46 Cal.4th at p. 612.)

Even if the claim were not forfeited, appellant has not shown misconduct. He claims on appeal that the prosecutor's question lacked foundation because Campbell did not examine his truck. The question, however, asks about damage to Counts' car. Campbell did examine Counts' car.

### iii. Question 3

On redirect examination, the prosecutor asked: "[d]etective, does the order in which the sequence of road rage matter to you as an investigating officer?" Deputy Campbell's answered, in part: "[w]hether he went left first or right first, the elements of the crime are still present. And, in my opinion, he still attempted to force her off the side of the road or force her into oncoming traffic." Defense counsel's objection was sustained and the court struck the "latter part of the answer in terms of his conclusion of attempting to force her off." However, appellant did not request an admonition nor did appellant argue on appeal that an admonition would have been futile. Accordingly, this claim is forfeited. (*People v. Davis, supra,* 46 Cal.4th at p. 612.)

Even if the claim was properly preserved for appeal, there was no misconduct. The prosecutor's question does not appear designed to elicit inadmissible testimony. The latter portion of Campbell's statement, which was stricken, was not responsive to the question, but was volunteered by Campbell.

13

iv. Reading of the police report

As appellant implicitly acknowledges, the prosecution properly read portions of the police report in front of the jury to put Campbell's testimony in context and to show prior consistent statements by Counts. (See generally Evid. Code, §§ 771, 791, 1235.) However, appellant contends that the prosecutor improperly read other portions of the police report, which went beyond the prior consistent statement exception.

Defense counsel did not initially raise an objection, but counsel eventually requested a sidebar and objected to the prosecutor's use of the police report. The court noted that the objection was sustained on the grounds of Evidence Code section 352, hearsay, and because the prosecutor had "gone beyond the purpose of a prior consistent statement or impeachment." Although, the court sustained defense counsel's objection, the judge chose not to strike any of the witness's answers.

The trial court's decision not to strike any testimony implies a finding that the testimony was not unduly prejudicial, but was cumulative and involved an undue consumption of time. Appellant offers no argument or legal authority explaining how this testimony prejudiced him or caused unfairness in the trial. Accordingly, we treat the claim as forfeited. (See *People v. Stanley* (1995) 10 Cal.4th 764, 793.)


f. Prosecutor's closing argument

i. Alleged Commenting on Appellant's Silence

Appellant argues the prosecutor engaged in misconduct when she allegedly commented on appellant's silence. Specifically, appellant challenges the prosecution's argument:

"If the truth shall set you free, then tell it. He couldn't because he knows that the truth makes him responsible for this. The truck had just been involved in a hit-and-run collision. It is evidence. He tried to suppress it. He did suppress it."

Defense counsel did not raise a timely objection nor did counsel request an admonition from the trial court to disregard the prosecution's alleged improper comments. Further, no evidence in the record suggests an admonition would have been

futile nor does appellant argue that an admonition would have been futile. Therefore, this claim is forfeited for appellate review. (*People v. Davis, supra,* 46 Cal.4th at p. 612.)

Even if the argument were not forfeited, there would be no merit to appellant's claim. When Deputy Campbell went to appellant's residence, the vehicle was not there. When Deputy Campbell asked to see appellant's vehicle, appellant "would not allow that." According to Deputy Campbell, "[appellant] would not disclose the location" of the vehicle. The prosecutor's argument clearly referred to appellant's act of concealing his vehicle. The prosecutor's argument that appellant suppressed evidence because he was conscious of his guilt was within the latitude given to prosecutors and a reasonable inference from the evidence. (*People v. Sassounian* (1986) 182 Cal.App.3d 361, 396 ("[i]t is settled that a prosecutor is given wide latitude during argument. The argument may be vigorous as long as it amounts to fair comment on the evidence, which can include reasonable inferences, or deductions to be drawn therefrom").) Further, the trial court's jury instructions said: "If the defendant tried to hide evidence, that conduct may show that he was aware of his guilt. If you conclude that the defendant made such an attempt, it is up to you to decide its meaning and importance. However, evidence of such an attempt cannot prove guilt by itself." (CALCRIM No. 371.) Accordingly, there was no misconduct by the prosecutor.

Even if this court construes appellant's failure to disclose the location of his truck as constituting silence, there was still no misconduct. Appellant relies on the Supreme Court's ruling in *Griffin v. California* (1965) 380 U.S. 609, which prohibits the prosecution from commenting on a defendant's failure to testify. (*Griffin v. California, supra,* 380 U.S. at pp. 612-615.) Because this case does not involve comments regarding appellant's decision not to testify, *Griffin* is inapplicable. Respondent argues that *Doyle v. Ohio* (1976) 426 U.S. 610 does not apply because appellant was never *Mirandized*.[3] *Doyle* "prohibits the prosecution from exploiting a defendant's post-*Miranda*-advisement silence." (*People v. Clark* (2011) 52 Cal.4th 856, 959.)

---

[3] *Miranda v. Arizona* (1966) 384 U.S. 436.

15

*Salinas v. Texas* (2013) 133 S.Ct. 2174 analyzes pre-*Miranda*-advisement silence. (*Salinas v. Texas*, *supra*, 133 S.Ct. at p. 2178.) The Supreme Court held that pre-*Miranda*-advisement silence is protected only if the person invokes the privilege. (*Id.*) Because Appellant did not invoke his right to remain silent, his silence was not protected under the standard articulated in *Salinas*.

Accordingly, the comments were not prosecutorial misconduct.


ii. Shifting the burden of proof

Appellant claims the prosecutor engaged in misconduct by improperly shifting the burden of proof to the defense when she discussed appellant's failure to reveal the location of his car.

Defense counsel did not raise a timely objection nor did counsel request an admonition from the trial court to disregard the prosecution's alleged improper comments. No evidence in the record suggests an admonition was futile nor does appellant argue that an admonition would have been futile. Therefore, this claim is forfeited for appellate review. (*People v. Davis, supra,* 46 Cal.4th at p. 612.)

Even if the claim were not forfeited, there was no misconduct. While appellant is correct that he had no duty to help the prosecution make its case, his actions with his truck went beyond mere non-cooperation and could reasonably be understood as actively concealing or attempting to conceal evidence. Such an act can show a consciousness of guilt. It is well settled that arguing consciousness of guilt does not impermissibly shift the burden of proof to the defense.[4]


iii. Counts' credibility

Appellant challenges certain statements the prosecutor made during her closing argument regarding Counts' credibility. Specifically, appellant challenges the

---

[4] The jury was instructed that consciousness of guilt "cannot prove guilt by itself." (CALCRIM No. 371.)

16

prosecutor's statement that Counts was not impeached at the preliminary hearing. Appellant claims she was impeached.

Defense counsel did not raise a timely objection nor did counsel request an admonition from the trial court to disregard the prosecution's alleged improper comments. No evidence in the record suggests an admonition was futile nor does appellant argue that an admonition would have been futile. Because an admonition would have cured any alleged harm, defense counsel's failure to request an admonition forfeited the claim for appellate review. (*People v. Davis, supra,* 46 Cal.4th at p. 612.)

Even if the claim were not forfeited, there would be no misconduct. Prosecutors are given wide latitude to discuss and draw inferences from the evidence at trial. (*People v. Dennis, supra,* 17 Cal.4th at p. 522.) Here, the prosecutor's argument included an inference reasonably drawn from the evidence presented at trial.

iv.  Assuming facts not in evidence

Appellant contends the prosecutor committed misconduct when she argued appellant knew a child was crying in the backseat.

Defense counsel did not raise a timely objection nor did counsel request an admonition from the trial court to disregard the prosecution's alleged improper argument. Further, no evidence in the record suggests an admonition was futile nor does appellant argue that an admonition would have been futile. Accordingly, this claim is forfeited for appellate review. (*People v. Davis, supra,* 46 Cal.4th at p. 612.)

Even if the claim were not forfeited, there would be no misconduct. The argument was a reasonable inference from the evidence. (*People v. Dennis, supra,* 17 Cal.4th at p. 522.)

g.  Defense closing arguments

Appellant contends the prosecutor raised improper objections during defense counsel's closing statement, which constituted misconduct.

17

Appellant's claim is forfeited because appellant does not support his claim with logical argument or proper legal authority. (*People v. Stanley*, *supra*, 10 Cal.4th 764, 793 ("'[E]very brief should contain a legal argument with citation of authorities on the points made. If none is furnished on a particular point, the court may treat it as waived, and pass it without consideration. [Citations.]'").)

h. Prosecutor's rebuttal argument

Appellant contends the prosecutor's arguments in rebuttal constitute prosecutorial misconduct. Specifically, appellant contends the prosecutor referred to the emotions of the jury and improperly argued that defense counsel was speculating.

Defense counsel did not raise a timely objection nor did counsel request an admonition from the trial court to disregard the prosecution's alleged improper comments. Further, no evidence in the record suggests an admonition was futile nor does appellant argue that an admonition would have been futile. Therefore, this claim is forfeited for appellate review. (*People v. Davis, supra,* 46 Cal.4th at p. 612.)

Even if these claims were not forfeited, there was no misconduct. Although the prosecutor referred to emotions the jury might be feeling, she clearly told the jury that they should decide the case based on the evidence and not on emotions. Thus, in context, the reference to emotions was permissible. Further, the judge instructed the jury to not base their decision on emotions, but rather on the evidence. There is a presumption that the jury understood and followed the court's instructions. (*People v. Yeoman, supra,* 31 Cal.4th at pp. 138-139.) Thus, appellant has not shown prejudice.

The prosecutor's argument about defense "speculation" was also permissible. The prosecutor argued that there was no evidence to support defense counsel's "alternate explanation." This argument was well within the wide latitude given to prosecutors to discuss and draw inferences from the evidence at trial. (*People v. Dennis, supra,* 17 Cal.4th at p. 522.) The prosecutor argued that defense counsel did not have evidence to support his argument, and the prosecutor's argument "did little more than urge the jury

18

not to be influenced by [defense] counsel's arguments, and to instead focus on the testimony and evidence in the case." (*People v. Stanley* (2006) 39 Cal.4th 913, 952.)

### i. Prejudice

Under the federal Constitution, a prosecutor's misconduct justifies reversing a conviction only if the misconduct "'so infected the trial with unfairness as to make the resulting conviction a denial of due process.' [Citation.]" (*Darden v. Wainwright* (1986) 477 U.S. 168, 181; *People v. Spector* (2011) 194 Cal.App.4th 1335, 1402.) Under California law, reversal is warranted only if "it is reasonably probable that a result more favorable to the defendant would have been reached without the misconduct." (*People v. Thomas, supra,* 54 Cal.4th at p. 937.)

As we discuss in more detail above, appellant has not shown any clear instances of prosecutorial misconduct. In a few instances, the trial court did sustain appellant's objections to questions or statements by the prosecutor. As we discuss above, even if those scattered remarks were treated as misconduct, appellant has not shown any prejudice from those remarks. Accordingly, his claim of prosecutorial misconduct fails.

### 2. Ineffective assistance of counsel

Appellant contends that if his counsel's failure to object to prosecutorial misconduct forfeited those claims, he received ineffective assistance of counsel. He further contends that he received ineffective assistance of counsel in connection with the prosecutor's plea bargain.

A criminal defendant is guaranteed the right to effective assistance of counsel by the state and federal constitution. (U.S. Constitution, 6th Amendment; Cal. Const., Article I, § 15; *People v. Lucas* (1995) 12 Cal.4th 415, 436.)

The United States Supreme Court has adopted a highly deferential test in scrutinizing counsel's performance. In *Strickland v. Washington* (1984) 466 U.S. 668, held that a defendant alleging ineffective assistance of counsel must establish that: (1) counsel's representation fell below an objective standard of reasonableness; and (2) there

19

is a reasonable probability that, but for counsel's ineffective representation, the result of the proceeding would be different.  (*Id*. at p. 694; see also *People v. Hines*(1997) 15 Cal. 4th 997, 1047-1048.)

With respect to the first prong, the court should not consider hindsight, which is always 20/20.  Counsel's challenged conduct should be evaluated from counsel's prospective at the time.  (*Strickland v.Washington, supra,* 466 U.S. at p. 689; *People v. Mendoza* (2000) 24 Cal.4th 130, 158.)  With respect to the second prong, prejudice is not established merely by demonstrating counsel's conduct led to "some conceivable effect on the outcome of proceeding."  (*Strickland v. Washington, supra,* 466 U.S. at p. 693.) Instead, an appellant must show "there is a reasonable probability that, but for the counsel's errors, the result of the proceeding would have been different."  (*Id.* at p. 694; *In re Marquez* (1992) 1 Cal.4th 584, 606; see also *In re Fields* (1990) 51 Cal.3d 1063, 1078.) Showing that an objection would have been granted is not sufficient, he must show in addition that he would have received a more favorable result.  (*People v. Grant* (1988) 45 Cal.3d 829, 864-866; *People v. Gonzalez* (1998) 64 Cal.App.4th 432, 438.)

If the record contains no explanation for counsel's acts or omissions, an appellate court will reject a claim of ineffective assistance of counsel "'unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation'" for his actions.  (*People v. Kipp* (1998) 18 Cal.4th 349, 367.) These exceptions are not the situation in the present case.

### a. Forfeiture

As we discuss in detail in section 1 above, we have considered appellant's claims even though they were technically forfeited, with one exception.  There is insufficient evidence in the record on appeal for us to assess his claim of vindictive prosecution in any way.  On the record before us, there could be several satisfactory explanations for counsel's failure to object to the amended complaint, including a reasonable belief that such an objection would lack merit.  If there is evidence outside the record on appeal

which would show vindictive prosecution and hence ineffective assistance of counsel in failing to preserve the issue, the claim would have to be raised by a writ of habeas corpus.

Considering appellant's other claims, appellant has not shown any clear instances of prosecutorial misconduct. In a few instances, the trial court did sustain appellant's objections to questions or statements by the prosecutor. As we discuss above, even if those scattered remarks were treated as misconduct, appellant has not shown any prejudice from those remarks. Accordingly, there is no reasonable probability that appellant would have received a more favorable outcome at trial if trial counsel had objected to every instance of claimed prosecutorial identified in this appeal. His claim of ineffective assistance of counsel fails on appeal. If there is evidence outside the record on appeal to support appellant's ineffective assistance of counsel claim, he would have to raise the claim in a petition for writ of habeas corpus.

b. Failure to properly advise regarding the offered plea agreement

Appellant contends that his counsel failed to properly advise him regarding the risks of declining the People's offer to resolve the case through a plea bargain.

Our review on direct appeal is limited to the appellate record. (*People v. Jenkins* (2000) 22 Cal.4th 900, 952.) Because appellant's claim is dependent upon matters not reflected in the record on appeal, we decline to consider it. These are matters more properly resolved in the context of a writ of habeas corpus.

Disposition

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

MINK, J.[*]

We concur:

MOSK, ACTING P.J.

KRIEGLER, J.

---

[*] Retired judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.